**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 08-11289** |
| **CREDITRON FINANCIAL CORPORATION** | : | |
| **Debtors-in-Possession** | : | **CHAPTER 11** |
| | : | |

**CREDITRON FINANCIAL CORPORATION**
**DISCLOSURE STATEMENT TO ACCOMPANY**
**PLAN OF REORGANIZATION DATED OCTOBER 20, 2010**

☐ Chapter 11 Small Business (Check box only if Debtor has elected to be considered a small business under Chapter 11 U.S.C. Section1121(c))

Debtor furnishes this Disclosure Statement to creditors in the above captioned matter, pursuant to Bankruptcy Code Section 1125 to assist them in evaluating the Debtor's proposed Chapter 11 Plan, a copy of which is attached hereto as Exhibit A. Creditors may vote for or against the Plan of reorganization. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the Order approving the Disclosure Statement and fixing time. The Court will schedule a hearing on the Plan pursuant to 11 U.S.C. Section 1129.

ADDRESS FOR THE RETURN OF BALLOTS:

> Stephen H. Hutzelman, Esquire
> 305 West Sixth Street
> Erie, PA 16507
> Toll Free: (888) 773-0596
> Phone: (814) 452-6800
> Fax: (814) 456-2227
> shutzelman@shapiralaw.com

**I.     BACKGROUND**

     A.     NAME OF THE DEBTOR

Creditron Financial Corporation

     B.     TYPE OF DEBTOR:

Debtor is a corporation doing business at 1545 West 38th Street, Erie, Pennsylvania

     C.     DEBTOR'S BUSINESS OR EMPLOYMENT:

Debtor is a corporation  whose  primary source of income is from the operation of a

customer service business providing telephone support primarily for large banks. Debtor maintains contracts for services provided to customers for their customer service needs. It has about 365 employees.

D.    DATE OF CHAPTER 11 PETITION

July 3, 2008.


E.    EVENTS LEADING TO CHAPTER 11 FILING

Debtor is a corporation, organized under the laws of Pennsylvania, having filed its Articles of Incorporation on July 18, 1985. Debtor has withstood several financial recessions over its 25 years of business and maintained itself as a viable Erie business. However, recent losses of major customer programs, followed by threat of levy on security by secured tax claim holders, put the company in financial constraints. The current economic environment has been a compelling factor in the corporations inability to recover.


F.    ANTICIPATED FUTURE EVENTS OF THE COMPANY AND SOURCE OF INFORMATION

Debtor has been able to secure funding from an outside investing from the Veteran Contract Center, or its nominee, sufficient to fund a Plan of Reorganization which is effective in resolving issues with secured creditors and tax claim holders subject to final lender approval upon Plan confirmation. This funding is in the form of a loan for up to $3,500,000.00 (or an amount sufficient to fund the Plan), an amount far greater than the liquidation value of Debtor's assets, subject to the approval of this Court, and the release of tax liens.


G.    ARE ALL MONTHLY OPERATING STATEMENTS CURRENT AND ON FILE WITH THE CLERK OF COURT?

September 2010 Monthly Operating Statement is due at this time. All prior reports are filed.


H.    DOES THE PLAN PROVIDE FOR RELEASE OF NON-DEBTOR PARTIES? IF YES, SPECIFY WHICH PARTIES AND THE TERMS OF THE RELEASES.

Yes, Cathy Lombardozzi and Mark Kisiel are released from any responsible office liability to the Commonwealth of Pennsylvania on the grounds that they are not, in fact, responsible officers.


I.    IDENTIFY ALL EXECUTORY CONTRACTS THAT ARE TO BE ASSUMED OR ASSUMED AND ASSIGNED.

Debtor intends to continue the contract with its landlord, Boardwalk Business Square, but it will make no payment on past due balance. Debtor also intends to assume all customer service contracts.

J.      HAS A BAR DATE BEEN SET?

Yes,   February 5, 2009


K.      HAS AN ELECTION UNDER 11 U.S.C. §1121(e) BEEN FILED WITH THE COURT
        TO BE TREATED AS A SMALL BUSINESS ?

No


L.      SPECIFY PROPERTY THAT WILL BE TRANSFERRED SUBJECT TO 11 U.S.C.
        §1146(c):

None


## II.     **CREDITORS**

A.      NON-TAX SECURED CREDITORS

| D L U | Creditor / Total Amount Owed / Arrearage | | Collateral | Treatment / Liens Retained ? |
|---|---|---|---|---|
| | *Name:* | | Any and all Cash Collateral, Business Assets, Furniture, Equipment, Contracts, Accounts Receivable, wherever situate,  and other real property not property of the Debtor estate. | Dollar Bank to be paid in full from loan proceeds upon effective date of Plan confirmation. |
| | Dollar Bank Federal Savings Bank | | | |
| | *Allowed Secured Amount* | | | *Treatment of Lien:* |
| | $716,234.51 | | | Liens retained until paid in full and then satisfied |
| | Priority of Lien: | First | | |
| | Principal = | $716,234.51 | | *Payment on Arrears:* |
| | Arrears = | $16,500.67 | | Paid in full upon effective date of plan confirmation |
| | Total Claim = | $732,735.18 | | |

| D L U | Creditor / Total Amount Owed / Arrearage | | Collateral | Treatment / Liens Retained ? |
|---|---|---|---|---|
| | *Name:* | | Any and all Cash Collateral, Business Assets, Furniture, Equipment, Contracts, Accounts Receivable, wherever situate, and other real property not property of the Debtor estate. | Dollar Bank to be paid in full from loan proceeds upon effective date of Plan confirmation. |
| | Dollar Bank Federal Savings Bank | | | |
| | *Allowed Secured Amount* | | | *Treatment of Lien:* |
| | $504,543,16 | | | Liens retained until paid in full and then satisfied |
| | Priority of Lien: | Second | | |
| | Principal = | $499,012.44 | | *Payment on Arrears:* |
| | Arrears = | $5,530.72 | | Paid in full upon effective date of plan confirmation |
| | Total Claim = | $504,543.16 | | |
| **TOTAL NON-TAX SECURED CREDITORS** | | | | **$1,237,278.34** |

B. TAX CLAIMS BOTH PRIORITY AND SECURED IN NATURE

| D L U | Creditor / Total Amount Owed / Arrearage | | Collateral | Treatment / Liens Retained ? |
|---|---|---|---|---|
| | *Name:* | | Any and all Cash Collateral, Business Assets, Furniture, Equipment, Contracts, Accounts Receivable, wherever situate, and other real property not property of the Debtor estate. | Secured portion of tax claims paid in order of priority from loan proceeds dedicated to that purpose. Priority portions paid pro rata from fund established in Plan, but will not be satisfied. All tax claims to be released * |
| | Internal Revenue Service | | | |
| | | | | *Treatment of Lien:* |
| | Secured Amt. | $2,013,411.45 | | If not paid in full, liens shall be released |
| | Priority Amount | $433,689.94 | | |
| | Unsecured | $112,381.04 | | *Payment on Arrears:* |
| | Arrears = | $0.00 | | |
| | Total Claim = | $2,559,482.43 | | |

| D L U | Creditor / Total Amount Owed / Arrearage | | Collateral | Treatment / Liens Retained ? |
|---|---|---|---|---|
| | *Name:* | | Any and all Cash Collateral, Business Assets, Furniture, Equipment, Contracts, Accounts Receivable, wherever situate, and other real property not property of the Debtor estate. | Secured portion of tax claims paid in order of priority from loan proceeds dedicated to that purpose. Priority portions paid pro rata from fund established in Plan, but will not be satisfied. All tax claims to be released * |
| | Pennsylvania Department of Revenue | | | |
| | | | | *Treatment of Lien:* |
| | Secured Amt. | $184,711.80 | | If not paid in full, liens shall be released |
| | Priority Amount | $703,774.43 | | |
| | Unsecured | $377,249.79 | | *Payment on Arrears:* |
| | Arrears = | $184,711.80 | | |
| | Total Claim = | 1,265,736.02 | | |
| D L U | Creditor / Total Amount Owed / Arrearage | | Collateral | Treatment / Liens Retained ? |
| | *Name:* | | Any and all Cash Collateral, Business Assets, Furniture, Equipment, Contracts, Accounts Receivable, wherever situate, and other real property not property of the Debtor estate. | Secured portion of tax claims paid in order of priority from loan proceeds dedicated to that purpose. Priority portions paid pro rata from fund established in Plan, but will not be satisfied. All tax claims to be released * |
| | Commonwealth of Pennsylvania, Department of Labor & Industry, UC Tax Office | | | |
| | | | | *Treatment of Lien:* |
| | Secured Amt. | $70,038.56 | | If not paid in full, liens shall be releases |
| | Priority Amount | $59,025.82 | | |
| | Unsecured | $0.00 | | *Payment on Arrears:* |
| | Arrears = | $250.00 | | |
| | Total Claim = | $129,314.38 | | |
| **TOTAL TAX CLAIM BOTH PRIORITY AND SECURED** | | | | **$3,464,902.00** |

\* Portions of these claims have been paid under adequate protection payment made since the case was filed.

| Creditron Financial Corporation - Liens by Priority | | | |
|---|---|---|---|
| Creditor | Case No. | Date | Amount |
| Pennsylvania Commonwealth UC ** | 2002-31344 | 11/12/2002 | $70,038.56 |
| Pennsylvania Commonwealth S & U | 2005-30015 | 01/03/2005 | $25,122.52 |
| Pennsylvania Commonwealth Emp W/H | 2005-31440 | 09/23/2005 | $27,720.47 |
| Pennsylvania Commonwealth Emp W/H | 2005-31667 | 10/28/2005 | $12,654.43 |
| United States of America | 2006-30159 | 01/25/2006 | $435,986.57 |
| Pennsylvania Commonwealth Corp Tax | 2006-30551 | 03/21/2006 | $45,683.00 |
| United States of America | 2006-30896 | 05/04/2006 | $568,936.65 |
| United States of America` | 2006-31447 | 08/14/2006 | $145,737.84 |
| Pennsylvania Commonwealth Emp W/H | 2006-31718 | 09/28/2006 | $15,703.47 |
| Commonwealth of PA Dept. Of Revenue | 2007-30413 | 03/05/2007 | $19,788.08 |
| United States of America | 2007-30676 | 04/11/2007 | $11,887.12 |
| United States of America | 2007-30922 | 05/21/2007 | $37,424.08 |
| United States of America | 2007-31062 | 06/11/2007 | $9,818.71 |
| United States of America | 2007-32004 | 10/29/2007 | $329,872.18 |
| United States of America | 2007-32082 | 11/05/2007 | $711,205.73 |
| United States of America | 2008-30442 | 03/03/2008 | $733,924.31 |
| United States of America | 2008-31570 | 07/11/2008 | $36,498.75 |
| Pennsylvania Commonwealth Emp W/H * ** | 2009-30276 | 02/11/2009 | $1,131,258.03 |
| Pennsylvania Commonwealth Emp W/H * ** | 2009-30277 | 02/11/2009 | $1,131,258.03 |
| Pennsylvania Commonwealth Emp W/H*[1] | 2009-30278 | 02/11/2009 | $1,131,258.03 |
| TOTAL | | | $6,631,776.56 |
| Less Duplication | | | $3,238,002.47 |

** Adequate protection payments have affected these judgment balances.
\* Post petition and duplicative - no payment to be made

## C. PRE-PETITION PRIORITY TAX CLAIMS, UNSECURED IN NATURE

| D L U | Creditor / Total Amount Owed / Arrearage | | Date of Assessment | Treatment / Liens Retained ? |
|---|---|---|---|---|
| | *Name:* Vermont Department of Taxes | | 9/30/2007 and Annual Rec. for 2008 | Priority portion of tax claims paid from available loan proceeds - pro rata |
| | | | | *Treatment of Lien:* |
| | Secured Amt. | $0.00 | | If not paid in full, claims shall be released |
| | Priority Amount | $9,446.32 | | |
| | Unsecured | $2,176.00 | | *Payment on Arrears:* |
| | Arrears = | $250.00 | | |
| | Total Claim = | $11,662.32 | | |
| D L U | Creditor / Total Amount Owed / Arrearage | | Date of Assessment | Treatment / Liens Retained ? |
| | *Name:* Berkheimer Tax Administration | | 1/1/2008 | Priority portion of tax claims paid from available loan proceeds - pro rata |
| | | | | *Treatment of Lien:* |
| | Secured Amt. | $0.00 | | If not paid in full, claims shall be released |
| | Priority Amount | $317,934.43 | | |
| | Unsecured | $0.00 | | *Payment on Arrears:* |
| | Arrears = | $0.00 | | |
| | Total Claim = | $317,934.43 | | |
| **TOTAL PRE-PETITION PRIORITY TAX CLAIMS** | | | | **$327,380.75** |

D.    CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS

| D L U | Creditor / Total Amount Owed / Arrearage | | Claim Dates | Treatment / Liens Retained ? |
|---|---|---|---|---|
| | *Name:* UPMC Health Plan | | 1/1/2008 through 2/28/2008 | Paid in full from loan proceeds |
| | | | | *Treatment of Lien:* |
| | Secured Amt. | $0.00 | | If not paid in full, liens shall be releases |
| | Priority Amount | $29,219.73 | | |
| | Unsecured | $0.00 | | *Payment on Arrears:* |
| | Arrears = | $0.00 | | |
| | Total Claim = | $29,219.73 | | |
| **TOTAL CONTRIBUTIONS TO EMPLOYEE BENEFITS PLANS** | | | | **$29,219.73** |

E.    GENERAL UNSECURED CLAIMS

1.    Amount of Debtor Scheduled (Disputed and Undisputed)    $1,034,596.59

2.    Amount of Unscheduled Unsecured Claims    $2,910,528.94

3    Total Claims Schedule or Filed    $3,945,125.53

4.    Total Amount Debtor Disputes    $2,668,498.12

5.    Estimated Allowable Unsecured Claims    $   991,322.37
      (less insider claims)

## III. ASSETS

| Asset | Value | Basis of Value | Lien Holder | Equity |
|---|---|---|---|---|
| Cash and Equivalents | $81,503.00 | Debtor | Dollar Bank and Secured Tax Creditors | -0- |
| Accounts Receivable | $863,177.00 | Debtor | | -0- |
| Inventories | $138,162.00 | Debtor | | -0- |
| Prepaid Expenses | $153,605.00 | Debtor | | -0- |
| Trip Advances | $13,888.00 | Debtor | | -0- |
| Machinery & Equipment | $400,000.00 | Debtor | | -0- |
| Furniture & Office Equip. | $154,544.00 | Debtor | | -0- |
| TOTAL ASSETS | $1,804,879.00 | | | |

Assets are listed at the ongoing concern value.

   A.   ARE ANY ASSETS WHICH APPEAR ON SCHEDULE A OR B OF THE BANKRUPTCY PETITION NOT LISTED ABOVE ?

   No

   B.   ARE ANY ASSETS LISTED ABOVE CLAIMED AS EXEMPT ?

   No

## IV.   SUMMARY OF PLAN

   A.   EFFECTIVE DATE OF PLAN:

   The effective date of this Plan is the last day of the month in which the date of entry of the Order of confirmation of this Plan is entered. But if a stay of the confirmation Order is in effect on that date, the effective date will be the first business day after that date on which the no stay of the confirmation Order is in effect, provided that the confirmation Order has not been vacated.

   B.   WILL CRAM-DOWN BE SOUGHT ?

   No.

   C.   TREATMENT OF SECURED NON-TAX CLAIMS

| Class | Description | Insider? (Y or No) | Impairment | Treatment |
|---|---|---|---|---|

| 4-A | Name: | | No | Impaired | Monthly Pymt: | See Below |
|---|---|---|---|---|---|---|
| | Dollar Bank Federal Savings Bank | | | | Pymt Begins: | 1 |
| | Collateral | | | | Pymt. Ends | 1 |
| | Cash Collateral, Business Equipment and Business Furnishings | | | | Int. Rate % | |
| | | | | | POC No. | 10 |
| | Allowed Secured Amount | | | | Treatment of Lien: | |
| | $716,234.51 | | | | Dollar Bank is to be paid in full from loan proceeds upon effective date of Order of Confirmation. | |
| | Priority of Lien: | First | | | | |
| | Principal = | $716,234.51 | | | Payment on Arrears: | |
| | Arrears = | 16,500.67 | | | | |
| | Total Claim = | 732,735.18 | | | | |

| Class | Description | | Insider? (Yes or No) | Impairment | Treatment | |
|---|---|---|---|---|---|---|
| 4-B | Name: | | No | Impaired | Monthly Pymt: | |
| | Dollar Bank Federal Savings Bank | | | | Pymt Begins: | 1 |
| | Collateral | | | | Pymt. Ends | |
| | Business Equipment, Business Furnishings and Cash Collateral | | | | Int. Rate % | Variable |
| | | | | | POC No. | 9 |
| | Allowed Secured Amount | | | | Treatment of Lien: | |
| | $504,543.16 | | | | Dollar Bank is to be paid in full from loan proceeds upon effective date of Order of Confirmation | |
| | Priority of Lien: | Second | | | | |
| | Principal = | $499,012.44 | | | Payment on Arrears: | |
| | Arrears = | $5,530.72 | | | | |
| | Total Claim = | 504,543.16 | | | | |

D.     TREATMENT OF SECURED TAX CLAIMS

| Description | Description of Debt | Date of Assessment | POC No. | Treatment |
|---|---|---|---|---|
| *Internal Revenue Service* <br><br> *Class 1-A* | *Secured Portion:* <br><br> *$2,013,411.45* <br><br> *Priority Amount* <br><br> *$433,689.94* <br><br> *Unsecured:* <br><br> *$112,381.04* <br><br> *TOTAL AMOUNT* <br><br> *$2,599,482.43* <br><br> *Arrears:* <br><br> *2,013,411.45* | *12/31/2002 through 03/30/2009* | *Claim No. 1* | *Secured portion of tax claims paid in order of priority from loan proceeds dedicated to that purpose. Priority portions paid pro rata from fund established in Plan, but will not be satisfied. All tax claims to be released.* |

| Description | Description of Debt | Date of Assessment | POC No. | Treatment |
|---|---|---|---|---|
| *Pennsylvania Department of Revenue* <br><br> *Class 1-B* | *Secured Portion:* <br><br> *$184,711.80* <br><br> *Priority Amount* <br><br> *$703,774.43* <br><br> *Unsecured:* <br><br> *$377,249.79* <br><br> *TOTAL AMOUNT* <br><br> *$1,265,736.02* <br><br> *Arrears:* <br><br> *$184,711.80* | *12/31/2002 through 03/30/2009* | *Claim No. 5* | *Secured portion of tax claims paid in order of priority from loan proceeds dedicated to that purpose. Priority portions paid pro rata from fund established in Plan, but will not be satisfied. All tax claims to be released.* |

| Description | Description of Debt | Date of Assessment | POC No. | Treatment |
|---|---|---|---|---|
| Commonwealth of PA Dept. Of Labor & Ind. UC Tax Office<br><br>Class 1-C | Secured Portion:<br><br>$70,038.56<br><br>Priority Amount<br><br>$59,025.82<br><br>Unsecured:<br><br>$250.00<br><br>TOTAL AMOUNT<br><br>$129,314.38<br><br>Arrears:<br><br>$0.00 | 1/01/2008 through 02/28/2008 | Claim No. 3 | Secured portion of tax claims paid in order of priority from loan proceeds dedicated to that purpose. Priority portions paid pro rata from fund established in Plan, but will not be satisfied. All tax claims to be released. |

E.     TREATMENT OF ADMINISTRATIVE CLAIMS

| TYPE | ESTIMATED AMOUNT | PROPOSED TREATMENT |
|---|---|---|
| Expenses arising in the ordinary course of business after the date of filing the petition. | $25,000.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if due later |
| The value of goods received in the ordinary course of business within 20 days before the date of filing the petition | $50,000.00 | Paid in full on the effective date of the Plan, or according to terms of obligation if due later |
| Professional Fees as approved by this Court | $40,000.00 | Paid in full on the effective date of the Plan, or according to terms of a separate written agreement, or according to Court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | $0.00 | Paid in full on the effective date of the Plan |
| Other Administrative Expenses:<br>Taxes | $150,000.00 | Paid in full on the effective date of the Plan according to their priority and the liens released. |

| | | |
|---|---|---|
| Office of the US Trustee Fees | $16,000.00 | All fees required to be paid by 28 U.S.C. §`930(a)(6) (US Trustee Fees) will be timely paid until the case is closed, dismissed or converted to another chapter of the Code. Any US Trustee Fees owed on or before the effective date of this Plan will be paid in full on the effective date. |
| TOTAL | $281,000.00 | |

F.    TREATMENT OF PRIORITY NON-TAX CLAIMS

| Description | Description of Debt | | Date of Assessment | POC No. | Treatment |
|---|---|---|---|---|---|
| UPMC Health Plan<br><br>Class 3 | Secured Portion: | | 1/01/2008 through 02/28/2008 | Claim No. 14 | Paid in full from loan proceeds |
| | | $0.00 | | | |
| | Priority Amount | | | | |
| | | $29,219.73 | | | |
| | Unsecured: | | | | |
| | | $0.00 | | | |
| | TOTAL AMOUNT | | | | |
| | | $29,219.73 | | | |
| | Arrears: | | | | |
| | | $0.00 | | | |

G.    TREATMENT OF PRIORITY TAX CLAIMS, UNSECURED IN NATURE

| Description | Description of Debt | Date of Assessment | POC No. | Treatment |
|---|---|---|---|---|
| Vermont Department of Taxes<br><br>Class 2-A | Secured Portion: | 3rd Quarter 2007 and Annual Rec for 2008 | Claim No. 20 | Priority share to be paid  pro rata from loan proceeds available |
| | $0.00 | | | |
| | Priority Amount | | | |
| | $9,446.32 | | | |
| | Unsecured: | | | |
| | $2,176.00 | | | |
| | TOTAL AMOUNT | | | |
| | $11,622.32 | | | |
| | Arrears: | | | |
| | $0.00 | | | |

| Description | Description of Debt | Date of Assessment | POC No. | Treatment |
|---|---|---|---|---|
| Berkheimer Tax Administration<br><br>Class 2-B | Secured Portion: | 1/1/2008 | Schds. | Priority share to be paid  pro rata from loan proceeds available . |
| | $0.00 | | | |
| | Priority Amount | | | |
| | $317,934.43 | | | |
| | Unsecured: | | | |
| | $0.00 | | | |
| | TOTAL AMOUNT | | | |
| | $317,934.43 | | | |
| | Arrears: | | | |
| | $0.00 | | | |

## H. TREATMENT OF GENERAL UNSECURED NON-TAX CLAIMS

| Class | Description | Amount | Impairment | Treatment |
|-------|-------------|--------|------------|-----------|
| 5 | Internal Revenue Service | $112,381.04 | Impaired | |
| | PA Dept. Of Labor & Ind. | $250.00 | Impaired | |
| | PA Dept. Of Revenue | $377,249.70 | Impaired | |
| | Vermont Department of Taxes | $2,176.00 | Impaired | |
| | Boardwalk Business Square | $315,831.23 | Impaired | |
| | Elderkin, Martin, Kelly, Messina | $5,863.97 | Impaired | |
| | Health America | $57,945.46 | Impaired | |
| | Infinity CTI | $1,904.00 | Impaired | |
| | National Fuel Gas | $150.43 | Impaired | |
| | Pitney Bowes | $57,339.76 | Impaired | |
| | Pitney Bowes | $12,290.66 | Impaired | |
| | Qwest Communications Corp. | $4,786.98 | Impaired | |
| | State Workman's Ins. Fund | $25,594.00 | Impaired | |
| | US Bancorp Equipment Finance | $0.00 | Impaired | |
| | Verizon | $88.56 | Impaired | |
| | Verizon North | $4,185.04 | Impaired | |
| | Verizon Wireless | $3,632.55 | Impaired | |
| | Waste Management | $1,872.33 | Impaired | |
| | Delaware Marketing Partners | $2,668,498.12 | Impaired | |
| | Dollar Bank FSB - unsecured | $0.00 | Impaired | |
| | TOTAL | $3,652,039.83 | | |

## I. WILL PERIODIC PAYMENTS BE MADE TO UNSECURED CREDITORS ?

No

A.     State source of funds for planned payments, including funds necessary for capital replacement, repairs, or improvements:

*Source of Payments*

Debtor has maintained the running of the business for the purposes of keeping it a viable asset. Debtor is in negotiations with a substantial investor to obtain a new loan sufficient to fund the Chapter 11 Plan. The funds available from said cash influx will be sufficient for the payment of all costs of administration. It is anticipated that there will be approximately $2,600,000.00 available for the payment of such claims.

The Debtor reserves the right to file an objection to all claims, including, but not limited to, the Proofs of Claims filed by the Internal Revenue Service, PA Dept. Of Revenue and PA Dept of Labor & Industry UC Tax Services. The Debtor also reserves its right under 11 U.S.C. §1123(b)(3)(B) to pursue any and all claims and causes of action it may have, including, but not limited to, due claims to recover accounts receivable and causes of action under Chapter 5 of the Bankruptcy Code, although no such action are currently contemplated.

B.     Other significant features of Plan:
        Include any other information necessary to explain the Plan:

## V.    <u>COMPARISON OF PLAN WITH CHAPTER 7 LIQUIDATION</u>

If the Debtor's proposed Plan is not confirmed, the potential alternatives would include proposal of a different Plan, dismissal of the case, or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a Trustee will be appointed to liquidate the Debtor's non-exempt assets. In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to general unsecured claimants.

| | |
|---|---|
| Total Value of a Chapter 7 Estate | $1,073,029.32 |
| Secured Claims | $3,419,900.92 |
| Administrative Expenses - includes appox. Ch. 7 expenses | $ 45,000.00 |
| Priority Claims | $1,305,194.80 |
| Total Available for Distribution to Unsecured Claims | $ -0- |
| Divided by Total Allowed Unsecured Creditors | None |
| Percentage of Dividend to Unsecured Creditors | 0% |

Creditors will fair better under the Chapter 11 Plan than by Chapter 7 liquidation. The Plan preserves over 350 jobs and offers a prospect of increased employment through new management. Liquidation costs those jobs and puts employees on unemployment compensation (if eligible).

## VI.    <u>FEASIBILITY</u>

A.     The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitle to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this Disclosure Statement.

        1.     Attached as Exhibit A is an Income Statement for Prior 12 Months

2.      Attached as Exhibit B is a Summary of Cash Flow Statement filed in this case

3.      A Cash Flow Projection for the next 12 months is not provided .  Plan contemplates a lump sum payment.

B.      The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

There will be a lump some payment from loan proceeds after loan closing and upon plan confirmation.

C.      HOW WAS THIS AMOUNT CALCULATED ?

Loan proceeds where maximum benefit would be obtained and substantially exceed liquidation proceeds

D.      WHAT ASSUMPTIONS ARE MADE TO JUSTIFY THE INCREASE IN CASH AVAILABLE FOR THE FUNDING OF THE PLAN ?

Debtor is receiving investment funds which were not available prior to filing.

E.      WILL FUNDS BE AVAILABLE IN THE FULL AMOUNT FOR ADMINISTRATIVE EXPENSES ON THE EFFECTIVE DATE OF THE PLAN? FROM WHAT SOURCE?

Yes, from loan proceeds and operations.

F.      CURRENT CASH ON HAND:

$75,890.00 - Per August 2010 Monthly Operation Report including bank deposits

G.      CASH ON HAND UPON EFFECTIVE DATE:

$100,000.00, plus loan proceeds (estimated)

## VII.    **MANAGEMENT SALARIES**

Management salaries are not stated here as the Plan proposes a lump sum payment and the management of the business would be post Chapter 11 once the Debtor satisfies the Plan requirements.

## VIII. IDENTIFY THE EFFECT ON PLAN PAYMENT AND SPECIFY EACH OF THE FOLLOWING

A.   PENDING LITIGATION

Delaware Marketing Partners - appeal

B.   PROPOSED LITIGATION

Action against the Commonwealth of Pennsylvania on responsible officer liability

## IX. CONFIRMATION REQUIREMENTS AND PROCEDURE

To be confirmed, the Plan must meet the requirements listed in Sections 1129(a) or (b) of the Code.  These include the requirements that:

- The Plan must be prepared in good faith
- At least one impaired class of claims must accept the Plan without counting votes of insiders
- The Plan must distribute to each creditor and equity interest holder, at least as much as the creditor or equity interest holder would receive under a Chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan
- The Plan must be feasible
- These are not the only requirements listed in Sections 1129 and they are not the only requirements for confirmation

A.   WHO MAY VOTE OR OBJECT

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan.  A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both allowed, or allowed for voting purposes AND impaired.

In this case, the Plan proponent believes that **Classes 1 through 5 are impaired** and that the holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.  The Plan proponent believes that only **Administrative Claims and Priority Tax Claims are unimpaired** and that holders of these claims do not have the right to vote to accept or reject the Plan.

1.   *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan.  Generally, a claim or equity interest is allowed if either

- The Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as a disputed, contingent or unliquidated claim

- The creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

***The deadline for filing a proof of claim in this case is   February 5, 2009***
***The deadline for filing objection to claims is _____***

### 2.     *What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it in a class that is impaired under the Plan. As provided in Section 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of the class.

### 3.     *Who is **NOT** Entitled to Vote?*

The holders of the following five types of claims and equity interests are *NOT* entitle to vote:

- Holders of claims and equity interest that have been disallowed by an Order of the Court
- Holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes
- Holder of claims or equity interests in unimpaired classes
- Holders of claims entitled to priority pursuant to Sections 507(a)(2), (a)(3) and (a)(8) of the Code
- Holders of claims or equity interests in classes that do not receive or retain any value under the Plan
- Administrative expenses

***Even if you are NOT entitled to Vote on the Plan, you have a right to Object to the confirmation of the Plan and the adequacy of the Disclosure Statement.***

### 4.     *Who Can Vote in More Than One Class?*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitle to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

### B.     VOTES NECESSARY TO CONFIRM THE PLAN

If impaired classes exist, the Court cannot confirm the Plan unless:

- as least one impaired class or creditors has accepted the Plan without counting the votes of any insiders within that class, and
- all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on non-accepting classes, as discussed later in Section

B-2.

### 1. Votes Necessary for a Class to Accept the Plan

A class of claims accepts the Plan if both of the following occur:

- The holders of more than one-half (½) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and
- The holders of at least two-thirds (2/3) in dollar amount of the allowed secured claims in the class, who vote, cast their votes to accept the Plan

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interest in the class, who vote, cast their votes to accept the Plan.

### 2. Treatment of Non-accepting Classes

Even if one or more impaired classes reject the Plan, the Court may, nonetheless, confirm the Plan if the non-accepting classes are treated in the manner prescribed by Section 1129(b) of the Code. A Plan that binds non-accepting classes is commonly referred to as a "cram down" plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of Section 1129(a)(8) of the Code, does not "discriminate unfairly" and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a "cramdown" confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

## X. EFFECT OF CONFIRMATION OF PLAN

### A. DISCHARGE OF DEBTOR

Confirmation of the Plan does not discharge any debt provided for in the Plan until the Court grants a discharge on completion of all payments under the Plan, or as otherwise provided in Section 1141(d5) of the Code. Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided for in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### B. MODIFICATION OF THE PLAN

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

Upon request of the Debtor, the United States Trustee or the holder of any allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan to:

- increase or decrease the amount of the payments under the Plan on claims of a particular class
- extend or reduce the time period for such payments
- alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim paid other than under the Plan.

### C. FINAL DECREE

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan confirmation Order, shall file a Motion with the Court to obtain the Final Decree to close the case. Alternatively, the Court may enter such a final decree on its own Motion.

**XI.     CERTIFICATION**

The undersigned hereby certify that the information herein is true and correct to the best of my knowledge, information and belief formed after reasonable inquiry.

Respectfully submitted,

SHAPIRA, HUTZELMAN, BERLIN
ELY, SMITH AND WALSH

By: /s/  Stephen H. Hutzelman, Esq.
        Attorney for Debtor
        305 West Sixth Street
        Erie, PA 16507
        Phone: (814) 452-6800
        Fax: (814) 456-2227
        E-mail: shutzelman@shapiralaw.com
        PA ID 06541


CREDITRON FINANCIAL CORPORATION, INC.


By:/s/  Alfred D. Covatto
        Chief Executive Officer