IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

CREDITRON FINANCIAL CORP., : Case No. 08-11289-TPA
: Chapter 11
*Debtor* : Related to Document No. 252

## ORDER

*AND NOW*, this *23rd* day of *December, 2010*, after hearing on the *Rule to Show Cause* requiring the Debtor to show cause why a Chapter 11 Trustee should not be appointed or the case converted to a Chapter 7 proceeding (Document No. 252), for all of the reasons stated on the record at the hearing, including the repeated failure of management to comply with prior Court orders, and most importantly, the *Order* of December 10, 2010, as well as its repeated failure to timely remit postpetition payroll taxes, making unauthorized transfers to its principals Alfred and Joyce Cavatto, and Boardwalk Real Estate, an entity owned or controlled by the Cavattos, the Court finds that pursuant to *11 U.S.C. § 1104* appointment of a Chapter 11 Trustee is required because: (1) cause exists, including incompetence or gross mismanagement of the affairs of the Debtor; (2) such appointment is in the best interests of creditors; and (3) grounds exist to convert or dismiss the case, but the Court finds that the appointment of a Chapter 11 Trustee is in the best interests of creditors.

It is therefore **ORDERED, ADJUDGED AND DECREED** that a *Chapter 11 Trustee* shall be *appointed* and, pursuant to *Fed. R. Bankr. P. 2007.1 (c)*, the United States Trustee shall make the appropriate *application* for order approving the appointment of the Chapter 11 Trustee. Upon entry of an order approving the trustee appointment, the duties and responsibilities of the Examiner will terminate except for his cooperation and consultation with the Trustee during the transition process.

Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case Administrator to serve:
  Stephen H. Hutzelman, Esq.
  United States Trustee
  All creditors and parties in interet
  Examiner