UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | CASE NO. 08-11289-TPA |
| CREDITRON FINANCIAL CORPORATION, d/b/a TELATRON MARKETING GROUP, INC. | |
| Debtor. | |
| JOHN C. MELARAGNO, CHAPTER 11 TRUSTEE, | CHAPTER 11 |
| Movant, | |
| v. | Document No. ____ |
| DOLLAR BANK; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; AND THE COMMONWEALTH OF PENNSYLVANIA, OFFICE OF THE ATTORNEY GENERAL; COLUMBUS DEPOT EQUIPMENT COMPANY; PITNEY BOWES; SCHWAB; TELESALES SERVICES, LLC; BANK OF AMERICA; RED TETTEMER & PARTNERS; GE MONEY; STATE FARM BANK; NATIONAL FUEL GAS DISTRIBUTION CORP.; MAVERICK NETWORK SOLUTIONS; MOBILE WARRANTY CORPORATION; OPTIMA DIRECT; SCORE MARKETING; AND TERNIAN INSURANCE GROUP. | JUDGE AGRESTI |
| Respondents. | |

**AMENDED**

**MOTION FOR ORDER APPROVING (I) BIDDING PROCEDURES RELATED TO THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S PERSONAL PROPERTY; AND <u>(II) FORM AND MANNER OF SALE NOTICE</u>**

John C. Melaragno, Chapter 11 Trustee of the Debtor, Creditron Financial Corporation d/b/a Telatron Marketing Group, Inc. (the "Debtor") by and through his undersigned counsel, hereby files this **_AMENDED_** *Motion for Order Approving (I) Bidding Procedures Related to the Sale of Substantially all of the Debtor's Personal Property; (II) Form and Manner of Sale Notice* (the "Motion"). In support of the Motion, the Trustee states as follows:

1. On July 3 , 2008 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court").

2. On December 27, 2010, John C. Melaragno, Esq., was appointed as the Chapter 11 Trustee of The Debtor and continues in the management of its business.

3. The Debtor is a corporation having a principal place of business at 1545 West 38th Street, Erie, PA 16508.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Respondent, Dollar Bank, Federal Savings Bank has an address of Corporate Banking, 3 Gateway Center, 11 South, Pittsburg, PA 15222 and is represented by Lawrence C. Bolla, Esq. and Nicholas R. Pagliari, Esq. of the Quinn Law Firm, 2222 West Grandview Blvd., Erie, PA 16507.

6. Respondent, United States of America, Internal Revenue Service ("IRS") has an address of Internal Revenue Service, Insolvency Unit, P.O. Box 628, Pittsburgh, Pennsylvania 15230 and is represented by Edward J. Laubach, Jr., Esquire, Senior

Attorney, IRS Chief Counsel, Suite 601, Liberty Center, 1001 Liberty Avenue, Pittsburgh, Pennsylvania.

7. Respondent, the Commonwealth of Pennsylvania, Office of the Attorney General is represented by T. Lawrence Palmer, Esquire, Office of the Attorney General, 564 Forbes Avenue, 5th Floor, Manor Building, Pittsburgh, Pennsylvania 15219.

8. Respondent, Commonwealth of Pennsylvania, Department of Labor & Industry PA Unemployment Fund, filed Proof of Claim No. 3-1 setting forth a mailing address for notices of Attn: Robert R. Jacobs, 1309 French Street, Erie, PA 16501-1910.

9. The Debtor provides contact center outsourced services including traditional help desk and customer service outsourced solutions.

10. The Trustee and the Purchaser have entered into an Amended APA to address the concerns raised by the Court with respect to the proposed "contingent payment" in the original APA.

## BIDDING PROCEDURES

11. This Motion does not purport to constitute a motion or request by the Debtor for authority to sell the Assets to Purchaser or a third party bidder pursuant to Section 363(f) of the Bankruptcy Code. Such request is made pursuant to a Sale Motion being filed contemporaneously herewith. Rather, by this Motion the Trustee seeks approval of the proposed bidding procedures set forth below (the "Bidding Procedures") to govern the process by which third parties may submit competitive bid(s) to purchase the Assets, by which such competitive bids will be evaluated, and by which the Auction (defined below) may be conducted, in order that the sale process may

proceed in a uniform manner and within a controlled environment acceptable to all parties in interest.

12. The Trustee requests that the Court approve the following Bidding Procedures, which shall govern the conduct of the sale of the Assets set forth in the Purchaser's Amended Asset Purchase Agreement (the "Amended Stalking Horse APA"), a true and correct copy of which is attached hereto as Exhibit "A".

13. The proposed Bidding Procedures are as follows:

I. <u>Solicitation Process; Distribution of Bidding Procedures and Asset Purchase Agreement</u>. The Trustee shall distribute (i) the Sale Notice (as defined in Paragraph 23 below) and (ii) these Bidding Procedures as required in connection with the Sale Motion. Further, the Trustee shall distribute the Sale Notice, these Bidding Procedures and a copy of the Amended Stalking Horse APA to those parties the Trustee determines may have or demonstrate an interest in acquiring the Assets.

II. <u>Eligibility of Bidders to Participate in Auction</u>. In order to be eligible to bid for the Assets or otherwise participate in the Auction (defined below), each bidder must be determined by the Trustee to be a "Qualifying Bidder" (defined below). The Trustee (subject to final Court approval) shall determine whether a bidder is a Qualifying Bidder. Within three (3) business days after the Trustee receives from a potential bidder all of the materials required to be deemed a Qualified Bidder, the Trustee shall determine, in consultation with its professionals, whether the potential bidder is a Qualified Bidder. After such determination is made, the Trustee will notify the potential bidder of the decision.

    A. <u>Qualification of Bidders</u>. Unless otherwise agreed upon by the Trustee, in order to be considered for status as a

Qualifying Bidder, a bidder (other than the Purchaser, who is deemed to constitute a Qualifying Bidder) must:

i. Deliver to Counsel for the Trustee (John C. Melaragno, Esq., Melaragno & Placidi, 502 West Seventh Street, Erie, PA 16502 (email: johnm@mplegal.com)) **so as to be received at least five (5) business days prior to the scheduled date for the hearing (the "Sale Hearing") on the proposed sale of Assets (<u>the "Bid Deadline"</u>)**, the following:

(a) an earnest money deposit of $200,000.00 and any other consideration contained in the Bidder APA (a "Qualified Bidder Deposit") by cashier's or certified check (made payable to "John C. Melaragno, Esq.") or wire transfer of immediately available funds, which deposit shall be held in the IOLTA account of the Trustee's counsel. A Qualified Bidder Deposit will be refunded only if the bid corresponding with the Qualified Bidder Deposit is not approved by the Court. The Trustee reserves the right to hold each Qualified Bidder Deposit until five (5) days after the closing of the Sale of the Assets.

(b) Documentation acceptable to the Trustee evidencing that the bidder has financial resources sufficient in the aggregate to finance the purchase of the Assets proposed to be acquired and close the transaction within the time frame established, which evidence may include, without limitation, evidence of cash on hand, a binding financing commitment from an established and financially sound financial institution or investment fund and the identity of contact persons at the entity issuing such commitment letter;

B. <u>Denial of "Qualifying Bid" Status</u>. At the Trustee's discretion, the Trustee may decline to accept a party as a Qualified Bidder if the Trustee is not provided with the information set forth in Paragraph A, above.

C. <u>Qualification of the Purchaser</u>. The Purchaser has been designated a Qualified Bidder.

D. <u>Bid Deadline</u>. **All Qualifying Bidders must submit the foregoing to counsel for the Trustee so as to be received not later than the Bid Deadline.**

E. <u>Access to Debtor's Books and Records; Execution of Confidentiality Agreement</u>. As a condition precedent to being provided access to the Debtors' books, records and executives, all bidders must (i) be determined by the Trustee to have sufficient financial capability to be a Qualified Bidder and (ii) execute a confidentiality agreement in a form reasonably acceptable to the Trustee, a copy of which will be provided to the Purchaser. Bidders who satisfy the foregoing requirements will be given reasonable access to the Debtor's books, records and executives.

F. <u>Determination of Cure Amounts under Assigned Leases and Contracts</u>. As soon as reasonably possible after the filing of this Motion, the Trustee shall prepare and shall make available to all interested parties a schedule of the Debtor's leases and other executory contracts that a bidder may request that the Debtor assume and assign to such bidder (such leases and contracts being, collectively, the "Assigned Leases and Contracts"), which schedule shall include the Debtor's calculation of the amount the Debtor believes must be paid to cure all defaults under each of the Assigned Leases and Contracts (collectively, the "Cure Amounts"). The Trustee shall file such schedule with the Court and shall serve a copy thereof on all non-debtor parties to such Assigned Leases and Contracts. **ANY NON-DEBTOR PARTY TO AN ASSIGNED LEASE OR CONTRACT WHO DISPUTES SUCH CALCULATION MUST (i) FILE WITH THE COURT A WRITTEN CLAIM ASSERTING A CURE CLAIM THAT IS DIFFERENT FROM THE RESPECTIVE CURE AMOUNT ON OR BEFORE ANY BAR DATE SET BY THE COURT FOR THE FILING OF SUCH CLAIMS; AND (ii) FILE WITH THE COURT AND SERVE UPON COUNSEL FOR THE TRUSTEE, JOHN C. MELARAGNO, ESQ., MELARAGNO & PLACIDI, 502 WEST SEVENTH STREET, ERIE, PA 16502, AN OBJECTION TO ITS SCHEDULED CURE AMOUNT ON OR BEFORE THE DATE OF THE SALE HEARING. ANY NON-DEBTOR PARTY TO AN ASSIGNED LEASE OR ASSIGNED CONTRACT WHO FAILS TO COMPLY WITH THE FOREGOING REQUIREMENTS SHALL BE FOREVER**

**BARRED FROM (i) OBJECTING TO THE CURE AMOUNT APPLICABLE TO THAT PARTY'S ASSIGNED LEASE OR CONTRACT AND (ii) ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO THAT PARTY'S ASSIGNED LEASE OR ASSIGNED CONTRACT.** If an objection to a scheduled Cure Amount is filed in accordance with this paragraph, the Court will hear that objection at the Sale Hearing.

G. <u>Reservation of Rights; Deadline Extensions</u>. The Trustee only with the prior consent of the Purchaser shall be deemed to have reserved its rights to: (i) cancel the Sale; (ii) extend the Sale Hearing Date; (iii) impose such other and additional terms and conditions or modify the terms and conditions hereof as the Trustee determines to be in the Estate's best interests and (iv) reject all Qualifying Bidders if, in the Trustee's reasonable business judgment, no Qualifying Bidder appears to be acting in the best interests of the Debtor's estate.

H. <u>Sale of Assets "As-Is, Where-Is"</u>. All of the Assets shall be transferred on an "as-is, where-is" basis. THE TRUSTEE SHALL BE DEEMED TO HAVE EXPRESSLY DISCLAIMED ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE NATURE, QUALITY, VALUE OR CONDITION OF ANY OF THE ASSETS, EXCEPT AS MAY OTHERWISE BE PROVIDED IN THE APPLICABLE APA OR PREVAILING BIDDER SALE DOCUMENTS.

III. The first higher bid on the sale of the Assets (the "Minimum Upset Bid") shall be at least $75,000 higher than the Stalking Horse Bid. Thereafter, all bids shall be in increments of $50,000 (the "Minimum Overbid Amount").

IV. If, at the time of the Sale Hearing, Qualified Bidders appear and state an intention to bid then an auction (the "Auction") will take place. The Auction will occur as part of the Sale Hearing, for the purposes of determining, in the reasoned business judgment of the Trustee, who is the "Successful Bidder," which shall be the Qualifying Bidder that ultimately submits the highest or otherwise best bid for the Assets

(the "Successful Bid") at the Auction. If, however, no Qualifying Bidder other than that of Purchaser appears at the time of the Sale Hearing, no Auction will be held, Purchaser will be deemed the Successful Bidder, and the Stalking Horse Bid will be the Successful Bid.

V.  Only a Qualified Bidder will be eligible to participate at the Auction. The bidding at the Auction shall start at the purchase price stated in the Amended APA, plus the required Minimum Upset Bid amount of $75,000.00.

VI.  Immediately prior to the conclusion of the Auction, the Trustee shall (i) review each Qualifying Bid on the basis of its financial and contractual terms and its impact on creditors and parties in interest; and (ii) determine and identify the Successful Bidder.

VII.  If the failure by the Successful Bidder to consummate the purchase is the result of such Successful Bidder's breach of, or default or failure to perform under any Successful Bidder sale documents or the terms of these Bidding Procedures (such bidder being a "Defaulting Bidder"), such Defaulting Bidder's Qualified Bidder Deposit shall be forfeited to the Debtor, and the Trustee shall thereupon have the right to assert all rights and remedies available under applicable law.

VIII.  The Closing of the Sale of the Assets will occur no later than fifteen (15) days after an Order Approving the Sale has been entered by the Bankruptcy Court in accordance with the terms of the Amended APA.

IX.  A bid submitted following conclusion of the Auction will not be considered for any purpose unless an order of the Bankruptcy Court is entered directing that such bid be considered, and neither the Trustee nor any other person will have any obligation to seek such an order from the Bankruptcy Court.

14. All parties have proceeded diligently to consummate the proposed sale transaction and have acted in the best interest of creditors in doing so.

15. The proposed sale of the Assets has been negotiated at arms' length and all parties have acted in good faith and in the best interest of the creditors in doing so. The Trustee believes that the proposed Purchaser is entitled to the protections of 11 U.S.C. § 363(m), which protections shall be sought as part of the Sale Motion.

## **NOTICE PROCEDURES**

16. Under Fed. R. Bankr. P. 2002(a) and (c), the Trustee is required to notify the creditors of the proposed sale of the Assets, including a disclosure of the time and place of the Auction, the terms and conditions of the sale, and the deadline for filing any objections. The Trustee respectfully requests notice of this Motion and the Sale Motion be deemed adequate and sufficient if:

    a. The Trustee serves, within three (3) business days (the "Mailing Deadline") after entry of the Order granting the relief requested herein (the "Bidding Procedures Order") by first-class mail, postage prepaid, copies of the Bidding Procedures Order, the Motion, the Sale Motion, and a notice of the Auction and Sale Hearing (the "Sale Notice"), substantially in the form attached hereto as Exhibit "B", upon: (i) the United States Trustee for this District, (ii) counsel for Dollar Bank, (iii) all parties that have submitted confidentiality agreements or written requests to the Debtor to purchase the Assets, (iv) all parties that are known to have asserted a security interest, lien, or claim in the Assets, (v) the Internal Revenue Service, (vi) the Commonwealth of Pennsylvania Department of Revenue, (vii) the Commonwealth of Pennsylvania Department of Labor & Industry PA Unemployment Fund, (viii) all entities that may be parties to any Assigned Contracts and Leases, (ix) all applicable state and local taxing authorities, (x) the Purchaser and (xi) in accordance with the Bidding Procedures, all parties the Trustee has determined

> demonstrate an interest in the Assets and financial capability sufficient to consummate the Sale.
>
> b. On or before the Mailing Deadline, the Trustee will cause to be served by first-class mail, postage prepaid, Notice of this Motion, the Bidding Procedures Order and Sale Notice upon all other known creditors and equity security holders.

17. The Trustee also proposes, pursuant to Fed. R. Bankr. P. 2002(d) and 2002(l), that publication of the Sale Notice in the Erie Times-News and the Erie County Legal Journal, on the Mailing Deadline or as soon as practicable thereafter, be deemed proper notice to any interested parties whose identities are unknown to the Trustee.

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested herein, approve the proposed Bidding Procedures and notice procedures, and grant such further relief as is just and proper.

Dated: August 2, 2011

> Respectfully submitted,
>
> MELARAGNO & PLACIDI
>
> BY: /s/ John C. Melaragno
> John C. Melaragno, Esq.,
> 502 West Seventh Street
> Erie, PA 16502
> (814) 459-5557
> johnm@mplegal.com
>
> PA ID 80207
>
> Chapter 11 Trustee and Attorney Pro Se