IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Case No. 08-11289 - TPA |
| ) | |
| CREDITRON FINANCIAL CORPORATION, ) | Chapter 11 |
| d/b/a TELETRON MARKETING ) | |
| GROUP, INC., ) | Docket No. |
| Debtor ) | |
| ) | Related to Docket Nos. 443 and 452 |
| ) | |
| JOHN C. MELARAGNO, ) | |
| CHAPTER 11 TRUSTEE, ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| DOLLAR BANK; UNITED STATES ) | |
| OF AMERICA, INTERNAL REVENUE ) | |
| SERVICE; AND THE ) | |
| COMMONWEALTH OF ) | |
| PENNSYLVANIA, OFFICE OF THE ) | |
| ATTORNEY GENERAL; COLUMBUS ) | |
| DEPOT EQUIPMENT COMPANY; ) | |
| PITNEY BOWES; SCHWAB; ) | |
| TELESALES SERVICES, LLC; BANK ) | |
| OF AMERICA; RED TETTEMER & ) | |
| PARTNERS; GE MONEY; STATE ) | |
| FARM BANK; NATIONAL FUEL GAS ) | |
| DISTRIBUTION CORP.; MAVERICK ) | |
| NETWORK SOLUTIONS; MOBILE ) | |
| WARRANTY CORPORATION; ) | |
| OPTIMA DIRECT; SCORE ) | |
| MARKETING; AND TERNIAN ) | |
| INSURANCE GROUP, ) | Date and Time of Hearing: |
| Respondents ) | August 4, 2011 at 10:00 a.m. |

## COVATTOS' ANSWER TO CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING BIDDING PROCEDURES AND SALE NOTICE

AND NOW, this 3rd day of August, 2011, comes Alfred D. Covatto and Joyce M. Covatto, his wife, Chapter 11 Debtors-in-Possession in an affiliated, although separate, joint Chapter 11 proceeding, by and through their counsel, Knox McLaughlin Gornall & Sennett, P.C., with this Answer and Limited Objection, as follows:

**FIRST DEFENSE**

Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 are admitted, except that the Covattos object to the contingency aspect of the proposed purchase price; the provisions which give the Trustee and the purchaser the right to cancel the sale, to extend the sale hearing date, to deny "Qualified Bid" status to an interested buyer, or to determine the "Successful Bidder", without Bankruptcy Court approval; and, the provisions giving the purchaser more time to complete due diligence and the right to withdraw from the sale, and to the return of its security deposit, if it is not satisfied with the results of due diligence, in its sole discretion. Paragraphs 15 and 16 represent legal conclusions to which no responses are required.[1]

**SECOND DEFENSE**

17. The proposed Asset Purchase Agreement is conditioned upon a real estate lease with the Covattos.

18. The Covattos and the creditors of the Covattos' Chapter 11 estate, Chapter 11 Case No. 11-10849-TPA, will be prejudiced if the Covattos do not receive fair value for the real estate and improvements which they own and which are used in connection with the business.

19. Any sale or lease of the Covattos' real estate as a part of the Trustee's sale will require Bankruptcy Court approval in the Covattos' individual Chapter 11 case, after notice and hearing on an appropriate motion.

**THIRD DEFENSE**

20. Al and Joyce Covatto agree to work with the Trustee to maximize the value of the on-going business and to achieve a fair result for their individual creditors. In furtherance thereof, the Covattos have agreed (subject to Court approval) to lease or sale their real estate as a

---

[1] The Trustee filed an amended motion for sale on August 2, 2011, together with an amended Asset Purchase Agreement, which increased the up-front payment to $1,000,000 (subject to higher bids) and eliminated the contingency payment.

part of the Trustee's sale of the business. As more fully set forth below, the Covattos agree to modify the involved leases without requiring the leases to be assumed. If the purchaser of the business prefers to buy the real estate rather than to lease it, the Covattos have agreed (subject to Court approval) to sell the real estate for a fixed price which would not be subject to higher bids. Accordingly, any and all bidding at the sale hearing would increase the price to be paid for the business.

21. In consideration thereof, and subject to Court approval, the Trustee has tentatively agreed to pay Dollar Bank on the corporate debt at closing, or as soon as possible thereafter; to pay the Internal Revenue Service on the corporate debt at closing, or as soon as possible thereafter; to consent to the Covattos' requested, limited use of cash collateral; and, to forbear for the time being from suing the Covattos in accordance with a Tolling Agreement.

22. The Covattos would seek Bankruptcy Court approval in a separate motion in their individual case to sell the business real estate for between $1,800,000 and $2,000,000 to the purchaser of the business, free and clear of liens under Section 363 of the Bankruptcy Code, after notice and hearing, without giving other parties an opportunity to bid more for the real estate. Any bidding would be made with respect to the business assets at the time of the final sale hearing on the Trustee's motion for sale in the Creditron case.

23. The Covattos' agreement to accept between $1,800,000 and $2,000,000 for the real estate would be conditioned upon a good faith deposit, refundable only if the sellers are unable to obtain Bankruptcy Court approval for sale free and clear of liens within the time frame established by the parties and the Court. The sale would also be conditioned upon an appraisal for the property in the amount of at least $1,800,000. The purchase price would be equal to the appraised value if the appraised value is at least $1,800,000, but less than $2,000,000. If the appraised value is $2,000,000, or greater than $2,000,000, the purchase price will be $2,000,000.

If the appraised value is less than $1,800,000, the agreement will be voided and the security deposit returned.

24. If the purchase of the real estate cannot be consummated in a timely manner, or if the buyer prefers to lease the real estate, the Covattos would also be willing (subject to Court approval after notice and hearing in their individual case) to accept a modified lease agreement with the purchaser of the business, conditioned upon the purchaser providing adequate assurance of future performance under the modified lease, and agreeing to pay the current contract rent under the four (4) existing leases between the Covattos and Creditron from and including the date of closing on the sale of the business (pro-rating the rent for the month during which the closing is held) through and including December 31, 2012. The lessee would have the right to terminate the lease by giving ninety (90) days written notice of termination, but such termination shall not occur sooner than six (6) months after the closing date, i.e. a minimum lease term of six (6) months.

WHEREFORE, the Covattos object to the Trustee's Motion for the reasons set forth above, but would agree (subject to Court approval after notice and hearing in their individual case) to sell or lease their business real estate to the purchaser of Creditron as indicated hereinabove, and request such other and further relief as this Court deems reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Alfred D. Covatto and Joyce M.
Covatto, his wife


By: <u>*/s/ Guy C. Fustine*</u>
      Guy C. Fustine
      PA I.D. No. 37543
      120 West Tenth Street
      Erie, Pennsylvania 16501-1461
      (814) 459-2800
      gfustine@kmgslaw.com

# 970635.v1